IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STATE FARM FIRE &** | : | **Civil No. 1:16-CV-1974** |
| **CASUALTY CO.,** | : | |
| | : | |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **v.** | : | |
| | : | |
| **DAVID MILLER,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM OPINION

## I.   INTRODUCTION

This civil action comes before us for resolution of a motion *in limine* (Doc. 22), filed by the plaintiff, State Farm Fire & Casualty Company, which seeks to define the scope of damages evidence in this insurance subrogation case. With respect to this motion, the pertinent facts are as follows:

This is a subrogation action brought by State Farm against David Miller arising out of a fire damage claim relating to an October 9, 2014 accidental fire at 431 and 433 3d. Street, Steelton, Pennsylvania. On October 9, 2014, David Miller resided at 433 3d. Street. State Farm's insured, in turn, lived at 431 3d. Street. It is alleged that, on October 9, 2014, a kitchen fire started at Miller's residence due

to the defendant's negligence.   That fire then spread to the adjoining property causing damages which State Farm was obliged under its insurance policy to reimburse for its insured.   These insurance reimbursements made by State Farm allegedly totaled approximately $255,000 and included repair costs for damages to 431 3d. Street, which amounted to $107,545.00.   It is this component of the payments made by State Farm, which it seeks to recover from Miller in this subrogation action, that is the subject of the instant motion in limine.

In its motion, State Farm argues that, under Pennsylvania law, the proper measure of damages in this property damage case is the cost of repair for the property, $107,545.   Asserting a belief that Miller may attempt to introduce evidence relating to the depreciated value, or actual cash value of the property located at 431 3d. Street, evidence which State Farm argues would confuse the jury, State Farm seeks a pretrial ruling excluding any such evidence from the trial of this case.  (Docs. 22 and 23)  For his part, Miller has responded to this motion *in limine* by conceding that the jury should not be presented with "bald valuations made by some insurance adjuster," but argues that in some instances measures of loss beyond repair costs may be appropriate, and seeks leave to present such evidence of alternate loss measurements at trial.

Upon consideration of the positions of the parties, for the reasons set forth below, the motion *in limine* will be granted, in part, and denied, in part, and we

2

will conditionally preclude the defendant from presenting evidence regarding matters extraneous to the cost of repair, unless the defendant makes an offer of proof which shows that the proffered evidence satisfies the alternate measure of damages accepted by Pennsylvania courts; that is, the defendant proffers evidence which tends to show that the market value of the property was less than the cost of repairs.

## II. __DISCUSSION__

### A. __Legal Standards-Motion in Limine__

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial

interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted).  However, courts should be careful before doing so.

In considering motions *in limine* which call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are, therefore, reviewed only for abuse of discretion ...  Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.' " *Abrams v. Lightolier Inc.* 50 F.3d 1204, 1213 (3d Cir.1995) (citations omitted); *see Bernardsville Bd. of Educ. v. J.H.,* 42 F.3d 149, 161 (3d Cir.1994) (reviewing *in limine* rulings for abuse of discretion).  Yet, while these decisions regarding the exclusion of evidence rest in the sound discretion of the district court, and will not be disturbed absent an abuse of that discretion, the exercise of that discretion is guided by certain basic principles.

One of the key guiding principles is reflected in the philosophy which shapes the rules of evidence.  The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth.  The inclusionary quality of the rules, and their permissive attitude towards the admission of evidence, is embodied in three cardinal concepts.  The first of

these concepts is Rule 401's definition of relevant evidence.  Rule 401 defines what

is relevant in an expansive fashion, stating:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable *197 or less probable than it would be without the evidence.

Fed. R. Evid. 401.

Adopting this broad view of relevance it has been held that:  "Under [Rule]

401, evidence is relevant if it has 'any tendency to make the existence of any fact

that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence.'   [Therefore] 'It follows that

evidence is irrelevant only when it has no tendency to prove the fact.  Thus the

rule, while giving judges great freedom to admit evidence, diminishes substantially

their authority to exclude evidence as irrelevant.' "  *Frank v. County of Hudson,*

924 F. Supp. 620, 626 (D.N.J.1996) *citing Spain v. Gallegos,* 26 F.3d 439, 452 (3d

Cir.1994) (quotations omitted).

This quality of inclusion embraced by the Federal Rules of Evidence,

favoring the admission of potentially probative proof in all of its forms, is further

buttressed by Rule 402, which generally defines the admissibility of relevant

evidence in sweeping terms, providing that:

> All relevant evidence is admissible, except as otherwise
> provided by the Constitution of the United States, by Act
> of Congress, by these rules, or by other rules prescribed
> by the Supreme Court pursuant to statutory authority.
> Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

Thus, Rule 402 expressly provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." *United States v. Sriyuth,* 98 F.3d 739, 745 (3d Cir.1996) (citations omitted). While these principles favoring inclusion of evidence are subject to some reasonable limitations, even those limitations are cast in terms that clearly favor admission of relevant evidence over preclusion of proof in federal proceedings. Thus, Rule 403, which provides grounds for exclusion of some evidence, describes these grounds for exclusion as an exception to the general rule favoring admission of relevant evidence, stating that:

> Although relevant, evidence may be excluded if its
> probative value **is substantially outweighed** by the
> danger of unfair prejudice, confusion of the issues, or
> misleading the jury, or by considerations of undue delay,
> waste of time, or needless presentation of cumulative
> evidence.

Fed. R. Evid. 403 (emphasis added).

By permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, Rule 403

6

underscores the principle that, while evidentiary rulings rest in the sound discretion of the court, that discretion should consistently be exercised in a fashion which resolves all doubts in favor of the admission of relevant proof in a proceeding, unless the relevance of that proof is substantially outweighed by some other factors which caution against admission.

These broad principles favoring the admission of relevant evidence also shape and define the scope of this Court's discretion in addressing motions *in limine* like those filed by the parties here, which seek a pre-trial ruling excluding evidence largely on relevance and prejudice grounds.  In the past the United States Court of Appeals for the Third Circuit has cautioned against such preliminary and wholesale exclusion of evidence, noting that it has "made clear that rulings excluding evidence on Rule 403 grounds should rarely be made *in limine.*" *Walden v. Georgia–Pacific Corp.,* 126 F.3d 506, 518 n. 10 (3d Cir.1997).  The reason for this caution is evident:  oftentimes a court "cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence."  *Id.; see also In re Diet Drugs Products Liability Litigation,* 369 F.3d 293, 314 (3d Cir.2004).

The Third Circuit has thus cautioned that "pretrial Rule 403 exclusions should rarely be granted. . . .  Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary,

because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Moreover, the Third Circuit has characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859.

Accordingly, the principles which guide our consideration of motions *in limine* that seek the exclusion of evidence on Rule 402 relevance or Rule 403 undue prejudice grounds consistently urge that courts to exercise their broad discretion sparingly in this field, and avoid precipitous pre-trial rulings excluding evidence on these relevance and prejudice grounds. It is against the backdrop of these guiding legal tenets that we consider the parties' motions *in limine.*

### B. The Plaintiff's Motion *In Limine* Will Be Granted in Part

As we have observed, in its motion *in limine*, State Farm argues that, under Pennsylvania law, the proper measure of damages in a property damage case is the coast of repair for the property, $107,545. Asserting a belief that Miller may attempt to introduce evidence relating to the depreciated value, or actual cash value of the property located at 431 3d. Street, evidence which State Farm argues would

8

confuse the jury, State Farm seeks a pretrial ruling excluding any such evidence form the trial of this case.  (Docs. 22 and 23)

As a federal court exercising diversity jurisdiction in this case, we are obliged to apply the substantive law of Pennsylvania to this dispute.  *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d. Cir. 2000).  In this case, the parties appear to agree that the legal standards governing recoverable damages in real property injury cases are those articulated by the Supreme Court of Pennsylvania in *Pennsylvania Dep't of Gen. Servs. v. U.S. Mineral Prod. Co.*, 587 Pa. 236, 246, 898 A.2d 590, 596 (2006), where the Court stated that:  "In Pennsylvania, the general measure of damages for permanent harm to real property is the diminution in market value attributable to the conduct, product, or instrumentality giving rise to liability, and in situations in which the harm is reparable, damages are assessed according to the lesser of the cost of repair or the market value of the affected property.  *See Lobozzo v. Adam Eidemiller, Inc.,* 437 Pa. 360, 369 & n. 6, 263 A.2d 432, 437 & n. 6 (1970)."  *Pennsylvania Dep't of Gen. Servs. v. U.S. Mineral Prod. Co.,* 587 Pa. 236, 246, 898 A.2d 590, 596 (2006).

This guiding tenet of Pennsylvania law, which is conceded by all parties in this case, dictates the course we should follow in addressing this motion *in limine*, as it relates to State Farm's efforts to recover the cost of repairs on its insured's real property.   Given Pennsylvania case law that cost of repair is the proper

measure of damages, unless the market value of the property is less than the cost of repair. *Id.* Therefore, consistent with this settled tenet of Pennsylvania law, we will grant this motion in limine in part, and conditionally preclude the defendant from presenting evidence regarding matters extraneous to the cost of repair, unless the defendant makes an offer of proof which shows that the proffered evidence satisfies the alternate measure of damages accepted by Pennsylvania courts; that is, the defendant proffers evidence which tends to show that the market value of the property was less than the cost of repairs.  If the defendant intends to rely upon such evidence to argue for a lesser measure of loss in this case, that evidence and any expert analysis of that evidence, must be disclosed in accordance with the case management schedule previously set by the Court.

An appropriate order follows:

## III.   <u>ORDER</u>

In accordance with the foregoing memorandum, IT IS ORDERED that the plaintiff's motion *in limine* (Doc. 22) is GRANTED in part, in that the defendant is conditionally precluded from presenting evidence regarding matters extraneous to the cost of repair, unless the defendant first makes an offer of proof at trial which shows that the proffered evidence satisfies the alternate measure of damages accepted by Pennsylvania courts in property damage cases; that is, the defendant proffers evidence which tends to show that the market value of the

property was less than the cost of repairs.  If the defendant intends to rely upon

such evidence to argue for a lesser measure of loss in this case, that evidence and

any expert analysis of that evidence, must be disclosed in accordance with the case

management schedule previously set by the Court.

So ordered this 7th day of March, 2017.


 *s/Martin C. Carlson*

Martin C. Carlson
United States Magistrate Judge